UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

LATIEF L. JACKSON,

                Petitioner,

                                            9:24-CV-0954
                                            (GTS/CFH)
THOMAS DiNAPOLI, Acting Superintendent,

                Respondent.
_____

APPEARANCES:                                     OF COUNSEL:

LATIEF L. JACKSON, SR.
Petitioner, pro se
17-B-2712
Auburn Correctional Facility
P.O. Box 618
Auburn, New York 13021

GLENN T. SUDDABY
United States District Judge

## DECISION and ORDER

Petitioner seeks federal habeas corpus relief pursuant to 28 U.S.C. § 2254. Dkt. No. 1, Petition ("Pet."); Dkt. No. 1-2, Exhibits ("Ex."). On August 9, 2024, the Court issued a Decision and Order providing petitioner with thirty (30) days to clarify his intentions with the Court. Dkt. No. 3, Decision and Order ("August Order"). Specifically, the August Order provided petitioner with the opportunity to either:

> (1)     Voluntarily withdraw the instant action so that he can continue exhausting his state court remedies -- which means petitioner **would not** have to ask the Court to consider whether a stay or motion to amend is appropriate -- and promptly re-file a federal habeas action including all the claims for which petitioner seeks relief (i.e. the allegedly ineffective assistance petitioner received from his appellate counsel); or

1

> (2)  Proceed with the three stated claims, which are arguably exhausted, in the Petition as is and abandon any claims of ineffective appellate counsel.

*Id.* at 10-11.

Petitioner timely remitted his clarification. Dkt. No. 5, Letter. Petitioner explicitly indicates that he "wishes to move forward with the already presently submitted petition concerning the proceedings above, with the understanding that petitioner would be forfeiting his chance to raise a later claim of Ineffective Assistance of Appellate Counsel." *Id.* at 1. However, in the next line petitioner states that he

> would need to clarify that:
>
> 1.  It was trial counsel who failed to request appropriate sanctions for the prosecution's failure to provide the defense with ROSARIO material after a specific requests was made for such evidence to be provided to the defense; and also
>
> 2.  It was Appellate Counsel's failure of not raising the claim of Ineffective Assistance of Counsel due to trial counsel's failure of seeking a proper remedy for the prosecution's failure to provide the defense with the evidence and Ap[p]ellate Counsel's failure of raising BRADY and ROSARIO on direct appeal.

*Id.*

While petitioner ultimately concludes that he "wishes to proceed with all three (3) claims that are noted within this petition," Letter at 2, his statements are inconsistent with one another. Petitioner's second clarification clearly calls into question the actions of his appellate counsel, which are issues presently being resolved by the state courts and are not before this Court. Therefore, the undersigned is unsure why or how petitioner intends to utilize the information provided by his clarification unless he also wishes to challenge the action, or inaction, of his appellate counsel too.

As was previously indicated in the August Order, petitioner can continue with his ineffective assistance of appellate counsel claim; however, that would mean that the instant action would be voluntarily discontinued to allow the petitioner to fully exhaust that claim in state court. August Order at 6-10. Further, petitioner would have over eight months to re-file his federal habeas action after the completion of his state court proceedings. *Id.* at 8-9.

Conversely, petitioner can continue with the three claims in his Petition: (1) his "5th, 6th, and 14th Amendment[ rights] were violated when he was required to stand trial handcuffed and shackled without a justification," Pet. at 6-7; (2) "[p]etitioner's 6th and 14th Amendment[ rights] were violated when the prosecution violated its *Brady* obligations," *id.* at 9-10; and (3) "[p]etitioner's 6th [and] 14th Amendment[ rights] were . . . violat[ed] when defense counsel providing ineffective assistance during trial," *id.* at 10-11. However, any merits analysis on the appropriateness of his appellate counsel's action or inaction will not be considered, as that claim is not presently before the Court.

Because the undersigned is still unclear about petitioner's intentions moving forward, petitioner will be given a final opportunity to clarify how he would like the case to proceed. He can either (1) move forward with the three claims outlined above or (2) voluntarily withdraw his case, finish exhausting his state court remedies concerning his alleged ineffective assistance of appellate counsel, and re-file another federal habeas action -- within eight months of his state court remedies concluding -- which combines the claims from the present petition as well as his arguments against his appellate counsel.

**WHEREFORE**, it is

**ORDERED** that petitioner has a final thirty (30) days from the filing date of this Decision and Order to indicate his preferred choice from the two options outlined above; and it is further

**ORDERED** that upon such filing, the Clerk is directed to return the file to the Court for further review; and it is further

**ORDERED** that if petitioner's intentions are unclear or contradictory, or petitioner fails to take any action, the Court will allow the case to move forward with the three claims outlined in this Decision and Order; and it is further

**ORDERED** that the Clerk serve a copy of this Decision and Order upon the parties in accordance with the Local Rules.

Dated: September 11, 2024
      Syracuse, New York

Glenn T. Suddaby
U.S. District Judge